## Slingluff et al. *v.* Tyson, Appellant.

*Automobiles—Public garage—Nuisance—Injunction—Equity.*

1. The operation of a public garage in a neighborhood which is strictly residential will be restrained as a public nuisance.

2. Where an automobile sales and service station is found on sufficient evidence to be practically a public garage, it will be restrained in a residential neighborhood.

Argued February 19, 1924. Appeal, No. 317, Jan. T., 1924, by defendant, from decree of C. P. Montgomery Co., April T., 1923, No. 7, on bill in equity, in case of William H. Slingluff et al. v. Daniel L. Tyson. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before MILLER, P. J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Ruby R. Vale,* with him *H. Wilson Stahlnecker,* for appellant.—Equitable relief may be granted only on matters alleged in the bill and proved at the hearing. There being no evidence in the instant case that defendant intends to use the structure when erected as a public garage, or in any manner commit a nuisance therein, the bill should be dismissed: Luther v. Luther, 216 Pa. 1;

Royersford School Dist. v. Haines, 38 Montgomery Co. L. R. 69; Phillips v. Donaldson, 269 Pa. 244.

*Henry M. Brownback,* with him *Russell J. Brownback,* for appellees.—The establishment of a business, such as contemplated by appellant, in a strictly residential neighborhood, would be a nuisance: Krocker v. Mill Co., 274 Pa. 143; Prendergast v. Walls, 257 Pa. 547; Rodenhausen v. Craven, 141 Pa. 546; Evans v. Fertilizing Co., 160 Pa. 209.

OPINION BY MR. JUSTICE FRAZER, April 14, 1924:

Defendant appeals from a decree restraining him from conducting an automobile sales and service station in a residential section in the Borough of Norristown.

Plaintiffs are residents in and owners of dwelling houses situated on West Main Street in that borough. Defendant's contract with the manufacturers of Paige and Jewett automobiles requires him to give three months' free service to purchasers of new cars of such manufacture and, after the expiration of that time, to give service upon application to owners of all cars of both makes, regardless of where or from whom purchased, for which latter service he is entitled to receive compensation from the car owner.

To secure a location for a service station defendant purchased a lot in the neighborhood above mentioned, fronting on Main Street 90 feet and extending back a distance of 200 feet to an alley. On this lot he proposes to construct a building of brick, iron, concrete or other fireproof construction, one and one-half stories high, with a total front of 89½ feet and a depth of 100 feet. The front part of the building to be used as a sales and showroom with no means of access from West Main Street by automobiles. All traffic to enter and leave the premises by the rear alley and the vacant part of the lot to be used to accommodate cars brought in for inspection, adjustment or repair. No machinery of any kind is to

be installed or operated on the premises and neither gasoline nor oil stored or kept for sale. The use to be made of the premises is: (1) As a sales and showroom and (2) As a service station for making minor repairs, adjustments and replacing imperfect parts on new Paige and Jewett automobiles for a limited time, and generally for making minor adjustments and repairs on old cars of the same make. If extensive alterations or repairs are needed defendant proposes to send cars to another shop equipped for that purpose.

We find no substantial dispute in the testimony either as to the character of the neighborhood or as to the use to which defendant proposes to put the building in question. In fact counsel for defendant frankly conceded at the argument that the neighborhood was one of the highest class residential sections of Norristown and the evidence amply warranted the finding of the court below that the residential character of the neighborhood is so universally recognized that in the last forty years, for a distance of approximately six blocks on Main Street it had "been invaded by trade but once and that was done by changing the first floor front of a private residence at the corner of Hamilton Street into a little neighborhood service shop. Except for this one shop on Main Street, a few more of similar character elsewhere, a public garage on Main Street, westerly of Hamilton, and a few small strictly private garages, neither commerce nor industry has entered, or ever sought to enter, the district."

The operation of a public garage in a neighborhood of this character should be restrained as a public nuisance: Prendergast v. Walls, 257 Pa. 547; Phillips v. Donaldson, 269 Pa. 244. Defendant contends, however, that the business he proposes to carry on is not a public garage or service station but that the service is confined exclusively to owners of the particular kind of cars he offers for sale. While a business of this character might be unobjectionable where comparatively few cars of the type

mentioned are sold and used, yet it is a matter of general knowledge that Paige cars are used extensively and, judging by the size of defendant's proposed building, the number of cars brought in for service and minor repairs would be so large as to practically eliminate all difference between defendant's business and that of the average public garage. The court below found the difference between a public garage and a service station of the character defendant intends maintaining to be in name only and both equally calculated to disturb neighbors in the enjoyment of the peace and quiet of their homes. The court also found the operation of the agency must necessarily require the adjustment of carburetors and making of minor repairs, the constant passing of motor vehicles in and out of the alley, sounding of horns, testing of engines, changing of tires and the congregating of drivers and workmen in the street and on the premises, all of which must inevitably result in noise, odors or other annoyance tending to depreciate the value of residential properties in the neighborhood and disturb the occupants in the peaceful enjoyment of their homes.

The conclusion reached by the court below is fully warranted by the evidence and the decree is affirmed at appellant's costs.