## Frederick v. Rutherford.

*Building restrictions—Dwelling-houses—Interpretation—Private garage.*

1. A private garage, for the use of the occupants of a dwelling-house on the same plot of land, does not violate a restriction that no building or buildings other than a dwelling-house or dwelling-houses shall ever be erected upon the premises. Such a garage, in view of the increased use of automobiles, is a proper appurtenance necessary to the enjoyment of the dwelling-house.

2. It makes no difference whether the property is in a suburban district or in a residential district of a large city.

Smyth *v.* McCarroll, 76 Pa. Superior Ct. 142, considered.

Bill in equity for injunction. C. P. Lehigh Co., Oct. T., 1924, No. 3.

*Oliver W. Frey,* for plaintiffs.

*Fred B. Gernerd* and *Russell S. Bachman,* for defendants.

RENO, P. J., March 9, 1925.—While defendants were engaged in the construction of an automobile garage upon the premises hereinafter described, complainants applied for and secured a temporary injunction restraining further proceeding. The complainants' evidence was heard within the period of five days, when the temporary injunction was continued until final hearing. At the final hearing it was agreed that the testimony theretofore taken should be regarded as though adduced at the final hearing, and the defendants produced considerable additional testimony. From the testimony so taken the following findings of fact have been compiled.

### I. Findings of fact.

1. The complainants and defendants are residents of the City of Allentown, County of Lehigh and State of Pennsylvania.

2. The complainants are the owners and occupiers of premises Nos. 102 to 110 North Thirteenth Street, Allentown, Pennsylvania.

3. The defendants are the owners and occupiers of premises No. 112 North Thirteenth Street, Allentown, Pennsylvania.

4. All the properties above referred to were originally the property of Daniel Z. Walker, Richard Walker and Anna E. Marden, and when they conveyed the premises now owned by complainants and defendants, each deed contained the following covenant and restriction, to wit: "Subject, however, to the condition and restriction that no building or buildings other than a dwelling-house or dwelling-houses shall ever be erected on the hereinbefore described premises by the grantee, his heirs and assigns; provided, further, that the same, with the exception of the porches and bay-windows thereof, shall not be erected nearer than fifteen feet to the building-line on Thirteenth Street, as at present established by city ordinance."

5. The defendants had notice of the condition and restriction above recited, the same being fully set forth in the deed of conveyance from Daniel Z. Walker et al. to Tilghman A. Yeager, dated May 11, 1906, and recorded in the Recorder's Office, in Deed Book volume 205, page 166, which deed conveys the same property now owned by the defendants, and is in the direct line of title under and through which the defendants now hold title.

6. The defendants are engaged in the erection of a one-story brick automobile garage, eighteen feet wide by twenty-three feet seven inches in depth, and ranging in height from nine to eleven feet, upon the rear of their premises, known as No. 112 North Thirteenth Street, Allentown, Pennsylvania, upon the front portion of which a dwelling-house has already been built, which garage, if completed, will cover the entire width of the rear area of said

Frederick *v.* Rutherford.

premises with the exception of a passageway about seven feet wide between the dwelling-house and the proposed garage.

7. At the time the condition and restriction hereinbefore recited was placed upon the land, the surrounding neighborhood was strictly residential in character, and conditions in the vicinity of these properties have not materially changed since that time, which neighborhood is urban, being situate one and one-half city blocks from the main street of the City of Allentown and five or six city blocks from the business district of said city, and the locality is residential in character, except as hereinafter stated.

8. None of the owners of the properties covered by the condition and restriction have at any time violated the provisions of the said condition and restriction, and no garage or outbuilding of any kind has been built upon the tract of ground, although some of complainants are themselves owners of automobiles.

9. The erection of the garage by defendants as proposed will obstruct the view of the complainants over and across the rear of defendants' property, but will not interfere with their enjoyment of light or air and will not depreciate the value of their properties.

10. The six houses belonging to the complainants and the defendants, except that owned by Granville H. Rabenold, occupy a quarter of a city block and are located on the west side of North Thirteenth Street, in the City of Allentown, Lehigh County, Pennsylvania, between Linden and Webster Streets, which is the first quarter-block street north of Linden Street; the said houses are from eighteen to twenty feet in width, and though they were built separately, they now constitute two solid blocks of three houses each with a narrow passageway between the two rows or blocks of three each; the length or depth of these lots is one hundred and ten feet; the houses are all built fifteen feet back of the building-line on Thirteenth Street, or about sixty feet in depth, with a ten feet wide private alley in the rear, leaving a clear or free space between the rear of the houses and the private alley of approximately thirty-five feet; the house of the defendants is the northernmost house in the block, with a side entrance on Webster Street; and the garage now being erected extends westwardly to the ten feet wide private alley, with the entrance on Webster Street.

11. The dwelling-house of Granville H. Rabenold, who lives at No. 106 North Thirteenth Street, and who is one of the complainants, extends five feet farther to the rear than do the dwellings of the other complainants, and the distance from the rear of complainants' houses to the private alley is thirty-five feet, with the exception of Granville H. Rabenold's dwelling, which is but thirty feet.

12. Dr. Joseph D. Rutherford, one of defendants, is a practicing physician, practicing his profession in the City of Allentown, Lehigh County, Pennsylvania, with professional offices at his residence, No. 112 North Thirteenth Street, the same being the property in question, and he has need for the use of an automobile in the practice of his profession.

13. The garage in the course of erection is a private garage, intended for the sole use, enjoyment and convenience of defendants.

14. The defendants find it necessary to erect a private garage upon the rear of their property, at No. 112 North Thirteenth Street, Allentown, Pennsylvania, for the purpose of housing their automobile, and regard the erection of the proposed private garage as a necessary and essential appurtenance to the full enjoyment of their dwelling.

15. A ten-foot two-inch private alley runs from Linden to Webster Streets, extending parallel along the entire rear of complainants' and defendants' lots, and a two-story public garage extends from Linden to Webster Streets, along the entire length of the west side of the ten-foot two-inch private alley, which garage completely obstructs the view of the complainants and defendants to the west.

16. Another public garage is located at the corner of Thirteenth and Turner Streets, within one half-block of the defendants' and complainants' properties.

17. Approximately one-half of the residences within the immediate neighborhood of the complainants' and defendants' properties have private garages erected upon the rear of their properties, and practically every residence facing Thirteenth Street, between Linden and Hamilton Streets, which are located to the east of the complainants' and defendants' properties, in the same vicinity, have private garages erected upon the rear of their properties.

18. Three private garages are erected adjoining one another on the rear of properties located at Nos. 113, 115 and 117 North Madison Street, and which are about thirty feet distant from and face the rear of the proposed private garage in question; immediately across the street on Thirteenth Street from the properties of complainants and defendants, at the rear of the northeast corner of Thirteenth and Linden Streets, a private garage is located, which garage faces Linden Street, a sixty-foot wide street, and is the property of a practicing physician, Dr. Warren J. Peters; and at the rear of the southeast corner of Thirteenth and Linden Streets, facing Linden Street, a private garage is located on the property of Charles E. Ziegenfuss.

19. The erection of the many private garages upon the rear of the properties in the immediate neighborhood has greatly increased the use and enjoyment of these respective dwellings by their owners.

20. The City of Allentown has a population of approximately eighty-five thousand people, who own and possess between five and six thousand automobiles.

21. In the year 1919 the City of Allentown issued one hundred and thirty-four permits for the erection of private garages; in 1920, one hundred and ninety; in 1922, four hundred and two permits; and in 1923, six hundred and three permits were issued for the erection of private garages.

22. Successive inventions have perfected the practical use of the automobile, and the use of the automobile has added greatly to the enjoyment of American life; at least, the modes of travel and transportation have been revolutionized by its use, and the automobile has brought about a material change in the customs and habits of American life.

23. The erection of a private garage for the housing of an automobile is a necessary appurtenance to the enjoyment of a dwelling-house by the owner of an automobile.

24. Many of the homes erected in the residential sections of the city have private garages built as a physical part of such dwellings.

25. The only persons who claim that the adjoining properties would depreciate in value if the private garage in question was completed are the complainants and Charles M. Bleiler, who testified that he was a real estate agent and had an agreement to sell the adjoining property for $12,000.

## II. Discussion.

Briefly summarizing the above findings of fact, we ascertain that defendants are erecting a garage for the storage of their own automobiles upon

lands bound by a covenant "that no building or buildings other than a dwelling-house or dwelling-houses shall ever be erected on said premises."

The plaintiffs contend that this restriction prohibits the erection of any building which is not directly, solely and exclusively used for dwelling-house purposes. Defendants claim that a garage is a necessary adjunct or appurtenance to a dwelling-house, and, therefore, its erection is not a violation of the covenant.

One would think that the point here raised has already been determined by the Superior Court in Smyth *v.* McCarroll, 76 Pa. Superior Ct. 142. Strangely enough, the whole controversy here revolves about the doctrine of that case. In the head-notes, the reporter says that the case holds that "A private garage, for the use of the occupants of a dwelling, does not violate a restriction that no building except for residential purposes shall be built upon the premises. Such a garage, in view of the increased use of automobiles, is a proper appurtenance necessary to the enjoyment of the dwelling-house."

If the case sustains the syllabus, it unquestionably rules the instant case.

In that case the Superior Court was called upon to interpret a restriction which contained four divisions. The first part prohibited the erection of certain specified kinds of buildings, not including garages; hence, that part did not apply. The second part prohibited the erection of any "building except for residence purposes." Concerning this, the Superior Court said: "As a garage 'is essential to the use and enjoyment of defendant's premises and to all other lots sold and developed under Mr. Miller's improvement scheme' (quoting finding of the court below), it is not a 'building' prohibited by division two of the restriction, but an essential appurtenance necessary to the enjoyment of the dwelling-house permitted by division three—a structure necessary for the proper enjoyment of the dwelling, and, therefore, a structure for 'residence purposes' and, by the rule of interpretation quoted, a permitted use of the lot."

Clearly, then, there is here presented a principle which sustains the head-note and which, in view of our finding of fact, rules the case at bar. Guided by it, we are obliged to hold that the erection of a garage for the storage of one's own private automobile does not violate a restriction prohibiting the erection of buildings other than dwelling-houses.

But plaintiffs contend that the real ground upon which the McCarroll case rests is the fact that the plaintiff had himself violated the covenant and, therefore, was not in a position to require its enforcement by others. It is quite true that the Superior Court said: "Moreover, this is also the interpretation of the restriction made by the common grantor and his vendees or persons claiming under him, and, so far as appears, no one has heretofore objected to that meaning save plaintiff, though he himself built his garage in harmony with it and in disregard of what he now contends to be the effect of the twenty-five-foot restriction."

But this quotation does not refer primarily to the restriction contained in division two of the covenant. It refers to a restriction contained in division three, which provided, *inter alia,* that "any dwelling-house to be erected shall . . . recede not less than . . . twenty-five feet from the northwest and southwest lines of said lot." Plaintiff was complaining, not only because defendant was erecting a garage, but also because he was erecting it at a place which plaintiff claimed violated division three of the covenant. The Superior Court declined to consider that feature of his complaint, because he himself had erected a garage on his own land at practically the same place. In short, the Superior Court held that, as to division two, defendant could erect a garage

Frederick v. Rutherford.

because it was not a violation of the restriction against the erection of buildings other than for residence purposes, and held, as to division three, that plaintiff, having himself violated that provision, could not enforce it against another. The gist of the opinion will, we think, be found in its concluding sentence: "Agreeing with the learned chancellor that the proper interpretation of the restriction does not prohibit the construction of a garage at the location proposed for the use of the resident of the dwelling-house, it becomes unnecessary to consider the remaining contentions of the appellee in support of the decree."

But plaintiff argues that, even so, the doctrine of the case should not be extended beyond its facts. They point out that the McCarroll case arose in a suburban district, while the instant case arises in a residential district of a large city. This, as we view it, can make no difference, or if difference there be, it operates more favorably for the dweller in a city. One can use an automobile only if he has storage facilities. These the owner must provide for himself or use those provided by a public garage. In a large city like Allentown, whose citizens possess not less than 5000 automobiles, a large number of public garages would be required to store them. Moreover, such public garages should be located at points convenient to the homes of their patrons. There are now, as shown by this record, a number of such garages situated in the residential portion of our city. But whether more can be erected is problematical, for the Supreme Court has, in effect, ruled against the operation of public garages in residential neighborhoods: Slingluff v. Tyson, 280 Pa. 206. It follows that if a resident of a city cannot secure public garage facilities, a private garage becomes more than a mere convenient adjunct to a dwelling-house—it is an imperative necessity, an essential appurtenance to the proper and full use of a dwelling-house.

The further contention of plaintiffs hardly deserves notice. They contend that the words in the McCarroll case, "residence purposes," import a different meaning than those used in this covenant, "dwelling-house." But it is a distinction without a difference. One is the Latin, the other the Anglo-Saxon word for the same thing.

Having arrived at the conclusion that this case is squarely ruled by the McCarroll case, further discussion is unnecessary.

### III. Conclusions of law.

1. The erection of the proposed private garage by the defendants will not violate the restrictive covenant as contained in the deed of the defendants.

2. The private garage now in the course of erection by the defendants will not be a nuisance per se.

3. The completion of the proposed private garage will not interfere with complainants' enjoyment of light and air.

4. A private garage for the housing of an automobile is a necessary appurtenance for the use and enjoyment of the dwelling-house.

5. The erection of the proposed private garage upon the rear of property known as No. 112 North Thirteenth Street, Allentown, Pennsylvania, is a necessary and essential adjunct to the full use and enjoyment of defendants' dwelling-house.

6. The erection and completion of the proposed private garage by the defendants will in no way injure or mar the appearance and enjoyment of the surrounding neighborhood.

7. The erection and completion of the proposed private garage by the defendants will not depreciate the market value of complainants' properties.

8. The universal use of the automobile has made the private garage a necessary and essential appurtenance or adjunct to the use and enjoyment of a dwelling-house.

9. The restrictive covenant in question referred only to the protection of the property facing on Thirteenth Street and does not bar the erection of any necessary appurtenance or adjunct to the rear of said dwelling-house.

10. The restrictive covenant contained in defendants' deed did not confine the grantee or grantees to the erection of but a single building upon the premises in question.

11. Complainants are not entitled to a permanent injunction, and the preliminary injunction must be dissolved.

12. Defendants are entitled to a final decree.

13. Plaintiffs shall pay the costs.

## IV. Decree nisi.

And now, March 9, 1925, it is ordered that the foregoing findings of fact and conclusions of law be filed and that the prothonotary enter this order as a decree nisi, giving notice thereof to the parties or their counsel, and if no exceptions are filed thereto within ten days, the prothonotary shall enter the same as a final decree.

From Edwin L. Kohler, Allentown, Pa.