Burke et al., Appellants, *v.* Bassett et al.

Argued January 7, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*William N. Trinkle,* with him *Frank F. Truscott, John C. Bell, Caroline K. Kenworthy, John Wintersteen, A. H. Wintersteen* and *Frederick C. Newbourg, Jr.,* for appellants.—All the relevant facts which determined the residential character of the neighborhood in question were undisputed. These facts clearly established that the neighborhood was "predominantly residential" in character, as had been specifically found and determined by this same court below in the Hollinger Case involving the erection and operation of a similar public garage in the selfsame neighborhood. The contrary inference or deduction drawn from the same basic facts in the adjudication, in the present case, was unwarranted and contrary to law: Grauel v. Wolfe, 185 Pa. 83; Mitchell v. Guaranty Corp., 283 Pa. 361; Unger v. Edgewood Garage, 287 Pa. 14; St. Luke's Church v. McShain, 29 Pa. Dist. R. 353; Tyson v. Coder, 83 Pa. Superior Ct. 116; Krocker v. Planing Mill Co., 274 Pa. 143; Edmunds v. Duff, 280 Pa. 355.

That a public garage in a residential neighborhood is a nuisance per se and will be excluded therefrom, "regardless of the manner of its construction or operation," is well settled. The circumstance that the entrance to such public garage, in the present instance, was to be on the back street (Latimer Street), and the further circumstance that, though it was to be built and operated immediately contiguous to the Spruce Street residences of the plaintiffs on each side, it was yet not to come clear through to the Spruce Street front, did not take the case out of the well settled rule of law: Carney v. Penn Oil Co., 291 Pa. 371.

*Archibald T. Johnson,* for appellees.—The locus in quo of defendants' garage is not residential, and therefore the garage was not a nuisance per se: Houghton v. Kendrick, 285 Pa. 223; Mitchell v. Guaranty Corp., 283 Pa. 361; Ladner v. Siegel, 293 Pa. 306.

The court below did not fail to comply with equity rule 71 requiring plaintiffs' requests for findings of fact to be answered specifically.

A public garage has been operated at the location in question for over eight years without objection from plaintiffs, and, under the proofs, plaintiffs have not established that the increased use incident to the operation of the enlarged garage would create a nuisance: Unger v. Edgewood Garage, 287 Pa. 14; Houghton v. Kendrick, 285 Pa. 223.

OPINION BY MR. JUSTICE KEPHART, February 4, 1929:

The facts in this case are similar to those in the preceding case. The Middle-City Real Estate Company, grantee of the premises, and Bassett and Kille, grantors and officers of the company, proposed to extend their garage located on the south side of Latimer Street between Fifteenth and Sixteenth Streets in Philadelphia. It is but a few doors from Hollinger's garage in the previous case on the same side of the street. The plaintiff brought this bill to enjoin the construction. The extension in the rear was to be three stories high and it was planned to replace the present garage with a similar construction. Together they will be 187 feet long and 44 feet wide. The building was to be fireproof with ramps to each floor, metal window frames and wire glass, and house 130 cars when completed. It was to have no repair nor machine shop. While defendants' property runs through to the north side of Spruce Street, the entire frontage on that street, for a depth of 50 feet, was not to be used for garage purposes. The court below refused to enjoin the construction.

The material assignment which will be discussed, which differs from the preceding case, is the finding of the trial judge, that the district was no longer predominantly residential in character. The finding as to the character of the locality was made in connection with

the identical neighborhood considered in the previous cases; obviously the two findings could not stand together. This finding, while material to the determination of this case, will not defeat the conclusion that followed. To avoid, however, a misunderstanding in the future, it will be discussed briefly. As stated in the prior case, commercial interests have intruded and this present district lies on the border of a strictly commercial district, but considering the apartment dwellers (Satterthwait v. Gibbs, 288 Pa. 428; Ladner v. Siegel, 293 Pa. 306) and private homes, these combined are predominant in number, much in excess of business houses or business employment. While the character of the neighborhood may be difficult to determine in some instances, and when such condition exists is a matter for the court below, yet when the members of the same court make different findings on the same basic facts in different cases their findings may be disregarded and the entire matter set free for the determination of this court, or the matter may be referred back to the court with the instructions to harmonize its views.

From our examination of the record we adopt the finding in the preceding case and deny the finding in this case. All the other questions presented were present in the Hollinger Case and have been discussed.

We affirm the order of the court below with the modification that the garage will be conducted in the like manner as the one before the court in the preceding Hollinger Case and any violation of those instructions will be brought to the attention of the court below for immediate redress. To this end we direct that the order dismissing the bill be revoked and that the bill be reinstated and remain pending for future action. Costs to be equally divided between the parties hereto.