## Calvary Presbyterian Church of Highland Park et al. *v.* Jones et al., Appellants.

Argued March 31, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harold L. Ervin,* of *Lutz, Ervin, Reeser & Fronefield,* for appellants.

*Martin F. Hatch,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 25, 1936:

A gasoline filling station was proposed to be erected at the southeast corner of Pennock Avenue and West Chester Pike, in the Township of Highland Park, Upper Darby. Appellees secured an injunction in the court below to prevent the use of this land for that purpose. The location is not restricted in use by deed or by zoning ordinances. The West Chester Pike runs in an easterly and westerly direction through this district. The land lies near the intersection of West Chester Pike and Pennock Avenue, about 1,200 feet west of State Road, which is the eastern boundary of Highland Park. The principal appellee, the Calvary Presbyterian Church of High-

land Park, owns a tract of land south of the appellants' property. The church cost $142,000 to build and has a manse located directly across Pennock Avenue, valued at approximately $10,000. The properties of the other appellees are also in the immediate vicinity. Their houses and those owned by church members in this locality are either single or semi-detached dwellings of a substantial nature, surrounded by lawns, terraces and shade trees.

The salient facts relative to the nature and character of the district comprising Highland Park are not disputed. The testimony discloses that Highland Park is predominantly residential and the only places of business in it are those found bordering on the West Chester Pike. The nearest one to appellants' property is a meat and grocery store combined with a residence, situated on the southwest corner of Pennock Avenue and West Chester Pike, which is 285 feet north of the church. There is a group of community stores, such as are ordinarily found in a residential district, more than 400 feet west of Pennock Avenue. A gasoline service station is located 650 feet west of Pennock Avenue and the nearest commercial enterprises east of Pennock Avenue are over 900 feet from appellants' property, which are too remote to detract from the residential character of the neighborhood in question. The remainder of the land lying within this section and back of the Pike is devoted exclusively to residential use with the exception of some vacant lots.

The lower court found that 12% of the total frontage of the West Chester Pike within this district is used for purposes other than those strictly residential, and 95% of the total frontage for private residences, residences combined with offices, or unimproved and vacant land. Within a radius of approximately 500 feet of appellants' property there are no commercial enterprises except the meat and grocery store across the street.

A public gasoline filling station, while not a nuisance per se, becomes a nuisance if conducted in a residential

neighborhood from the mere fact of operation: *Carney v. Penn Oil Co.,* 291 Pa. 371, 379; *Burke v. Hollinger,* 296 Pa. 510, 517, and other cases cited therein. The sole question presented in this appeal is whether the finding of the chancellor and the court *en banc* that the district is predominantly residential is supported by the evidence.

We endeavored in the *Burke case,* supra, to clearly set forth the types of neighborhoods which may be classed as residential, the classification being based on the use of the properties in the particular neighborhood. It is clear from that case and many others since decided that a neighborhood almost exclusively residential is not deprived of that character merely because there are a few community stores therein or other like buildings.

Appellants contend the proposed gas station should be permitted to operate, since business is moving from the Sixty-ninth Street section westerly along the Pike in the direction of Highland Park. This encroachment is too remote to have any effect upon the character of buildings west of Pennock Avenue. The test to be applied is the location and surroundings of the immediate neighborhood and not remote districts: *Burke v. Hollinger,* supra. The court below duly considered all material factors, including the one that the Pike is a main artery of travel.

The question as to whether a particular locality is commercial or residential in character, and whether a proposed use of land within it would constitute an unreasonable infringement upon property rights of the inhabitants, is a matter which lies within the sound discretion of the court below, and its findings, when supported by evidence, will not be interfered with on appeal in the absence of manifest abuse of discretion: *Duty v. Vacuum Oil Co.,* 317 Pa. 21; *Nesbit v. Reisenman,* 298 Pa. 475, 487; *Ladner v. Siegel,* 293 Pa. 307, 311.

Decree affirmed.