## Richard *v.* Weiser, Appellant.

Argued January 26, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

204

*W. Bruce Talbott,* with him *R. Paul Campbell, Ivan Walker* and *Newton B. Spangler,* for appellant.

*John G. Love,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 21, 1938:

Defendant appeals from a decree enjoining him from erecting a public garage and gasoline filling station on a lot adjoining plaintiff's residence in the Borough of Bellefonte.

The chancellor found that in the vicinity involved there are no business establishments of a character annoying or offensive to the residents thereof, that there is no business in the neighborhood which affects its safety, peace and quiet, and that the erection and operation of a public garage would necessarily result in noises, smoke and odors. Following our conclusions in *Burke v. Hollinger,* 296 Pa. 510, 146 A. 115, as to the three classes of residential districts to be considered in determining whether the erection of a public garage should be enjoined, the chancellor found that were it not for the presence of a hardware store, a fire house and a post office, it could be definitely said that the immediate district would come within the rule as to residential districts of the second class, and that it cannot be denied the district falls within the third class, wherein some of the buildings have assumed a commercial nature. Considering the effect of the erection of the garage upon plaintiff and her property, he declared that it would be a nuisance, stating that it was to be built upon the line between plaintiff's and defendant's properties and within a few feet of plaintiff's residence, that the washing and lubricating departments, to be operated at night, were to be placed closest to plaintiff's house and that there can be no question that the erection of the garage would interfere with the peaceable, quiet enjoyment of her home and would do her special

damage, entitling her to maintain this proceeding: *Edmunds v. Duff,* 280 Pa. 355, 124 A. 489. The chancellor properly relied for his determination upon what we said in reference to similar districts in *Burke v. Hollinger,* at page 523: "courts will be careful to note that in small cities and boroughs, business and residence closely interlock, and, in determining the residential character of a locality, of which that considered in *Tyson v. Coder,* 83 Pa. Super. Ct. 116, is a type, they will be guided by the considerations so well expressed there and preserve the home-dwellers from the intrusion of business which destroys peace, comfort and enjoyment as well as property value. The reasons mentioned as controlling in a city are not to be found in such places."

In this class of cases the issuance of an injunction "is a matter resting in the sound discretion of the court below, and we will not interfere unless that discretion is manifestly abused": *Nesbit v. Riesenman,* 298 Pa. 475, 487, 148 A. 695; *Calvary Church v. Jones,* 322 Pa. 77, 185 A. 267.

The other questions submitted are without merit and require no discussion.

Decree affirmed at appellant's cost.