Pennell et al. *v.* Kennedy et ux., Appellants, et al.

Argued December 5, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Russell J. O'Malley,* with him *A. Emerson Howell,* for appellants.

*L. B. Maxwell,* with him *Clarence E. Bodie,* for appellees.

OPINION BY MR. JUSTICE BARNES, March 25, 1940:

This appeal is from a decree restraining the defendants from operating a gasoline filling station on the south side of West Park Street, a part of the Roosevelt highway, extending through the borough of Honesdale, in Wayne County. The court found that a gasoline station at this location would constitute a nuisance per se, as the neighborhood is an "exclusive residential section" of the borough. The defendants contended in the court below that the district was not sufficiently developed to acquire a residential character, and that the complainants, who are residents of the vicinity, were estopped because of laches in objecting to such use of the property.

The site on which defendants desire to operate a gasoline station is in a suburban section of Honesdale, where, according to the evidence, there are homes of a superior and expensive type, apart from the more crowded and built-up portion of the borough. The houses are set back from the highway at an elevation, with lawns and terraces in front, and with plantings of trees, flowers and shrubbery. These are among the finest dwellings in Honesdale. On the north side of West Park Street, in this neighborhood, there are twenty properties, of which seventeen are residences, one is used as a residence and funeral parlor, and the remaining two are vacant lots; on the south side eighteen of the twenty-one properties are residences, one is the lot with the building here involved, and the remaining two are vacant lots. Therefore out of a total of forty-one parcels of real estate, thirty-five are used for residential pur-

poses. Except for the funeral parlor, there are no other business places within twenty-five hundred feet on either side of the property.

The particular plot of ground, on which defendants propose to operate the filling station, is a part of the abandoned right-of-way of the Delaware and Hudson Railroad Company. It consists of a narrow strip of land, running parallel to the highway, on which defendants have erected a one-story brick building. With respect to the location, the court said: "If we permit this gasoline station to operate, we will open up this strip of abandoned railroad bed as gasoline row, which would completely destroy the opposite side of the highway for residence or any other purpose."

In reaching the determination that it is a residential community, the court described it as follows: "There is no evidence whatever that the neighborhood involved in this case is in a transitory stage from residential to business, but on the contrary, as heretofore observed, it appears to be a new and growing and exclusively residential section. By far the greater part of the territory is undesirable and unavailable for any commercial purpose, but so long as the residential character can be maintained it is extremely desirable for residential purposes."

The only question upon this appeal is whether the evidence is sufficient to support the findings of the court below. Our review of the record, and examination of the plans and photographic exhibits convince us that the conclusion which it reached, affirmed by the court in banc, should not be disturbed. It clearly appears that the use which defendants plan to make of the property would be contrary to the general character of the neighborhood. As we have frequently ruled in these cases, "The question as to whether a particular locality is commercial or residential in character, . . . is a matter which lies within the sound discretion of the court be-

low, and its findings, when supported by evidence, will not be interfered with on appeal in the absence of manifest abuse of discretion": *Phila. Fairfax Corp. v. McLaughlin,* 336 Pa. 342, 344. See also *Calvary Presbyterian Church v. Jones,* 322 Pa. 77; *Thomas v. Dougherty,* 325 Pa. 525; *Richard v. Weiser,* 329 Pa. 203.

It therefore follows that the operation of a filling station on the site in question was properly restrained. A public gasoline filling station becomes a nuisance per se when conducted in a residential neighborhood: *Carney v. Penn Oil Co.,* 291 Pa. 371; *Burke v. Hollinger,* 296 Pa. 510; *Long v. Firestone T. & R. Co.,* 303 Pa. 208.

There is no basis for the charge of laches against the complainants. Defendants' permit from the borough council indicated that they intended to erect an automobile show room. When the building was almost completed, it became evident that it was to be used as a filling station, whereupon a written protest was made to defendants and it was pointed out to them that the operation of such a station on an adjoining property had been restrained within a short time prior thereto. Defendants, nevertheless, proceeded with the construction of the station, installing the gasoline tanks about a month later. On July 28, 1937, the establishment was opened for business, and on August 3, 1937, defendants were informed that steps were being taken to obtain an injunction against its operation. They requested at that time that legal action be delayed for a week or ten days so that they might "make some arrangements." This suit was instituted on August 19, 1937. In our opinion complainants were vigilant in asserting their rights.

The decree is affirmed at appellants' cost.