Garrett, Appellant, *v*. Beaver Borough.

Argued March 20, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Stewart P. McConnel,* for appellant.

*Frank E. Reed,* with him *Moorhead, Marshall & Sawyer* and *John G. Marshall,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, June 27, 1951:

Perry A. Garrett, appellant, petitioned for declaratory judgment under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, 12 PS §§831-846, as amended, asking that the erection of a public gasoline service station on the northeast corner of Beaver and Third Streets in the Borough of Beaver be declared a valid and lawful use of the premises. The lower court dismissed the petition and directed the Borough Council not to issue a building permit for the structure. Appeal is taken from the decree of the court below *en banc,* dismissing appellant's exceptions and affirming the decree *nisi.*

Appellant acquired the property in question on February 26, 1947, and has since used it for display and

sale of used cars. Sun Oil Company, proposed lessee of the premises, applied for a permit to erect a gasoline station there and was refused by the Borough Council. Application for permit was opposed by appellees, Strayer and Koss, adjoining property owners and householders, on the east and north sides of appellant's property. Appellant thereupon petitioned the court below for declaratory judgment.

The property is located on the northeast corner of Third and Beaver Streets. Third Street, the principal thoroughfare of the Borough, runs east and west, and intersects Beaver Street which runs north and south. East of Beaver Street, Third Street is residential, while west of Beaver Street, it is the principal business street and attains a width of about 100 feet. The district east of Beaver is residential, with an occasional doctor's office or dentist's office in some of the buildings. The Borough is the county seat, has a population of about 7,000, with practically no manufacturing within its limits. There is no zoning ordinance in the Borough.

Appellant contends that he should be entitled to the declaration for which he petitioned inasmuch as his property is in close proximity to the principal business district and that three of the four corners at the intersection are used for commercial purposes.

*Burke v. Hollinger*, 296 Pa. 510, 146 A. 115, defined an exclusively residential district as one with one-family dwellings, churches, libraries, with an occasional grocery store, and doctors' and lawyers' offices in homes. One not so exclusive would contain double houses, schools, public or private gardens with accessory uses. Both would be entitled to protection from the erection of a public gasoline service station. In the instant case the business district lay west of Beaver Street. There are no strictly business properties in the immediate area east of Beaver Street. It appears to be a desirable residential area and will so continue as long as the

purely residential character can be maintained. So long as the more remote industrial and commercial developments have not destroyed the quiet and cleanliness of the homes, they should be protected from the immediate encroachment which does: *Krocker v. Westmoreland Planing Mill Co.*, 274 Pa. 143, 117 A. 669. The law uniformly has attributed to the right of peaceful enjoyment of property a status higher than an injuring-use right, and this Court has held that the latter may, if it damages property or health, become a nuisance, and its repetition with like effect a nuisance *per se*: *Nesbit v. Riesenman*, 298 Pa. 475, 148 A. 695.

After acquiring the property on the northeast corner of Beaver and Third Streets, appellant immediately utilized it for the display of used cars for sale. Since there is no zoning ordinance in Beaver Borough, the neighboring property owners could not have had such use of the premises enjoined unless it proved to be a nuisance in fact. The use of the property as a used car lot cannot be deemed to be sufficient to open up an exclusively residential area to uses already established by decisions of this Court as nuisances *per se*.

This Court has not held a public gasoline service station a nuisance *per se* except in residential districts as defined in *Burke v. Hollinger*, supra; *Slingluff v. Tyson*, 280 Pa. 206, 124 A. 420; *Long v. Firestone Tire & Rubber Co.*, 303 Pa. 208, 154 A. 364; *Pennell v. Kennedy*, 338 Pa. 285, 12 A. 2d 54; *Perrin's Appeal*, 305 Pa. 42, 156 A. 305. In a commercial district a service station must be shown to be a nuisance in fact to be enjoined. *Sprout v. Levinson*, 298 Pa. 400, 148 A. 511; *Pennsylvania Co. v. Sun Co.*, 290 Pa. 404, 138 A. 909; *Ladner v. Siegel*, 296 Pa. 579, 146 A. 710.

Determination of whether a locality is commercial or residential in character is a matter which lies within the sound discretion of the court below. Its findings when supported by evidence will not be interfered with

on appeal in the absence of manifest abuse of discretion. *Pennell v. Kennedy,* supra; *Nesbit v. Riesenman,* supra; *Burke v. Hollinger,* supra; *Ladner v. Siegel,* supra; *Tyson v. Coder,* 83 Pa. Superior Ct. 116. The area included in the determination of the nature of the district is limited to the immediately adjacent neighborhood. *Unger v. Edgewood Garage,* 287 Pa. 14, 134 A. 394. The border of the residential district in this case is Beaver Street on the west, and the area to be considered, therefore, is that which lies to the east of Beaver Street. Although it might be said to be not purely residential, it is practically so. It contains no business establishment which seriously affects safety, peace, and quiet which are the distinguishing characteristics of such a neighborhood. If residents of such small towns and boroughs are to be protected by law from such encroachments upon their enjoyment of the accustomed quiet and comfort of their homes, the remedies must be applied now: *Nesbit v. Riesenman,* supra; *Tyson v. Coder,* supra.

*Bortz v. Troth,* 359 Pa. 326, 59 A. 2d 93, appears to be controlling in the instant case. There, as here, the residential district was edged by a commercial district and was not in transition from residential to commercial. The use of property in a particular neighborhood is not the sole and decisive test of the right to operate a given business therein: *White v. Country Club,* 322 Pa. 147, 185 A. 316. Because the other three corners of the intersection of Third and Beaver Streets were used for commercial purposes does not mean that such use can enter a residential area lying immediately east of the business district. The nature, type, and proximity of dwellings, effect on property values, increase of hazards to life and limb, and any other circumstances which tend to establish the type of neighborhood into which a business is sought to be introduced, must all be considered. The mere fact that

there are public gasoline service stations and other sources of discomfort outside the district and not far from its western boundary cannot entitle appellant to violate the boundary and add to the discomfort from within. *Bortz v. Troth,* supra.

The order of the court below is affirmed.

DISSENTING OPINION BY MR. JUSTICE ALLEN M. STEARNE:

My dissent in this case relates exclusively to procedure. Plaintiff, appellant, desires to erect a gas station upon his premises. He applied to the Borough Council for a permit and it was refused. Appellant then filed a petition under the Uniform Declaratory Judgments Act of June 18, 1923 P. L. 840 sec. 1, 12 PS 831—846, seeking to have determined whether or not a gas station in that area was a nuisance *per se.* The court decided that it was, being in a residential neighborhood, and enjoined Council from ever thereafter issuing a permit therefor. There has been no change in the conditions in the neighborhood between the time of the refusal of the permit and the filing of the present petition for declaratory judgment. The Council acted adversely to the appellant when it refused a permit for the erection of the gas station. The appellant could then have proceeded with a mandamus to seek to oblige the Council to grant the permit. Instead of doing this appellant filed the present petition for declaratory judgment. I think the procedure is unavailable and, therefore, would reverse and dismiss the proceeding.

Mr. Justice JONES joins in this dissent.