## Pittsburg, Appellant, *v.* W. H. Keech Company.

*Nuisance—Municipalities—Smoke from bituminous coal—Power of legislature.*

Within constitutional limits, not exactly determined, the legislature may change the common law as to nuisances, and may move the line either way so as to make things nuisances which were not so, or to make things lawful which were nuisances, although by so doing it affects the value or use of property.

The corporate officers of a city, having power "to provide for the safety, preserve the health, promote the prosperity and improve the

morals, order, comfort and convenience of the corporation and the inhabitants thereof," may by ordinance duly enacted, not manifestly unreasonable or oppressive, nor unwarrantably discriminatory, prohibit things which were not public nuisances at common law, and the fact that it declares the thing prohibited a public nuisance would be no ground for deny ing validity to the penal provision of the ordinance. In an action or proceeding to enforce the penalty annexed to the violation of such an ordinance, the only question would be whether the alleged offender had done the prohibited act. He could not defend upon the ground that it was not a nuisance in fact, nor upon the ground that the enactment of the ordinance was unwise, inexpedient or unnecessary. Much must necessarily be left to the discretion of the municipal authorities and their acts will not be judicially interfered with unless they are manifestly unreasonably and oppressive, or unwarrantably invade private rights, or clearly transcended the powers granted to them.

While the inclusion in such an ordinance of a declaration that the thing prohibited is a public nuisance would not invalidate the ordinance as a a whole, it is equally clear that it would not make it a nuisance if it was not so in fact. Much clearer is it that a mere declaration in an ordinance with no penalty annexed, that a certain act or thing shall be deemed a public or common nuisance would not have that effect and thereby subject the offender to indictment under general statute law punishing that offense.

The 1st section of a municipal ordinance declared " the emission of more than twenty per cent of black or dark gray smoke from any chimney or smokestack where bituminous coal is used in connection with boilers for heating or power purposes," to be a " public nuisance." No penalty was annexed. Another section declared that " any corporation, copartnership or individual who shall or may allow, suffer or permit smoke from bituminous coal to be emitted or to escape from any chimney or smokestack used in connection with boilers for over three minutes' duration at any one time, shall in addition to any and all laws requiring the abatement of nuisances, forfeit and pay to the city for every such offense, a sum not less than ten dollars or more than fifty dollars." *Held*, (1) that the 1st section of the ordinance, as it had no penalty annexed, was a mere declaration of opinion of the municipal authorities, binding on no one ; (2) that the other section was unreasonable and impracticable ; (3) that the words " more than twenty per cent black or dark gray," descriptive of the smoke in the first section, could not be read into the other section, inasmuch as the latter section was complete in itself.

*Municipalities—Ordinance—Unambiguous ordinance—Insertion by court of qualifications or conditions.*

Where an ordinance is plain and unambiguous in its terms, and where the only ground for supposing that the words do not express the meaning of the legislative body, is that to give them full effect would make it unreasonable and oppressive, it is not within the province of the court to insert qualifications or conditions which would relieve it of that objection. This would be to amend, not to construe, the ordinance.

Argued April 14, 1902.   Appeal, No. 42, April T., 1902, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1899, No. 391, for defendant non obstante veredicto in case of Pittsburg v. W. H. Keech Company.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from alderman, in suit to recover penalty provided by an ordinance.   Before STOWE, P. J.

The ordinance in question was as follows:

### "AN ORDINANCE

"To regulate and suppress the production and emission of smoke from bituminous coal, and to provide penalties for the violation thereof in the city of Pittsburg.

"Section 1. Be it ordained and enacted by the city of Pittsburg in select and common councils assembled, and it is hereby ordained and enacted by the authority of the same that and from October 1, 1895, the emission of more than 20 per cent of black or dark gray smoke from any chimney or smokestack where bituminous coal is used as fuel in connection with boilers for heating and power purposes, shall be deemed and is hereby declared to be a public nuisance.

"Section 2. That it shall be unlawful for any corporation, copartnership or individual owning, controlling or using any chimney or smokestack used in connection with boilers within the city limits, as provided in section 1, to allow, suffer or permit smoke from bituminous coal to be emitted or to escape therefrom.

"Section 3. Any corporation, copartnership or individual who shall or may allow, suffer or permit smoke from bituminous coal to be emitted or escape from any chimney or smokestack used in connection with boilers for over three minutes' duration at any one time, shall in addition to any and all laws requiring the abatement of nuisances, forfeit and pay to the city of Pittsburg for every such offense, a sum not less than ten dollars ($10) or more than fifty ($50) dollars, to be recovered before any alderman of the county of Allegheny or any police magistrate of the city of Pittsburg as debts of like amounts are now recoverable.

"Section 4. No discrimination shall be made against any device or method which may be used which will accomplish the purpose of this ordinance in relation to the said matter.

"Section 5. The director of the department of public works of the city of Pittsburg is hereby empowered and directed to enforce the provisions of this ordinance.

"Section 6. That any ordinance or part of ordinance conflicting with the provisions of this ordinance be, and the same is, hereby repealed so far as the same affects this ordinance."

The jury returned a verdict for plaintiff for $25.00, subject to the question of law reserved.

The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*William W. Smith*, with him *T. D. Carnahan*, for appellant. —Municipal ordinances are especially entitled to a reasonable construction, and when they will admit of two constructions, they should receive that which is consistent with the power given, and not that which is in violation of it: Johnson v. Philadelphia, 60 Pa. 445; Whitlock v. West, 26 Conn. 406; Municipality v. Cutting, 4 La. Annual, 335; Baltimore v. Huges, 1 Gill & J. 480; Com. v. Dow, 51 Mass. 382.

The Pittsburg smoke ordinance is clearly reasonable as shown by the following authorities: 1 Dillon on Municipal Corps. sec. 379; Huckenstine's App., 70 Pa. 102; Livingston v. Wolf, 136 Pa. 519; Allentown v. W. U. Tel. Co., 148 Pa. 117; Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355; Slaughter House Cases, 16 Wall. (U. S.) 36; Barbier v. Connolly, 113 U. S. 27 (5 Super. Ct. Repr. 357); Weil v. Ricord, 24 N. J. Eq. 169; Bancroft v. Cambridge, 126 Mass. 438; Brooklyn v. Nassau Electric R. R. Co., 61 N. Y. Supp. 33; St. Louis v. Heitzeberg Packing, etc., Co., 141 Mo. 375 (42 S. W. Repr. 954).

The ordinance is not unlawfully discriminatory: People v. Lewis, 86 Mich. 273 (49 N. W. Repr. 140).

The ordinance is valid unless clearly shown to be unreasonable: Erie & North East R. R. Co. v. Casey, 26 Pa. 287;

Speer v. School Directors, etc., of Blairsville, 50 Pa. 150 ; Powell v. Com., 114 Pa. 265 ; Marshall Field & Co. v. Chicago, 44 Ill. App. 410 ; Brown v. Piper, 91 U. S. 37 ; Richards's App., 57 Pa. 105.

The rules for the construction of ordinances and orders of a municipal corporation are the same as for the statutes of the legislature : In the Matter of Yick Wo, 68 Cal. 294 ; Zorger v. Greensburg, 60 Ind. 1 ; Maryland v. Kirkley, 29 Md. 85.

Councils may declare that to be a nuisance which was not a nuisance at common law: Com. v. Parks, 155 Mass. 531 (30 N. E. Repr. 174).

Even if it should be held that section 1 of the ordinance is invalid, the whole ordinance is not thereby rendered invalid: Fox's App., 112 Pa. 337.

Whether an ordinance be reasonable and consistent with the law or not is a question for the court: Kneedler v. Norristown, 100 Pa. 368 ; Livingston v. Wolf, 136 Pa. 519.

*F. C. McGirr*, of *Marron & McGirr*, and *J. H. Beal*, for appellee.—The city had no legislative authority for the enactment of the ordinance : State v. Mott, 61 Md. 297 ; Yates v. Milwaukee, 10 Wall. (U. S.) 497.

The ordinance is contradictory and insensible.

The ordinance discriminates between classes without cause : 2 Wood on Nuisance, p. 984 ; State v. Sheriff, 48 Minn. 236.

The ordinance is unreasonable : Huckenstine's App., 70 Pa. 102 ; St. Louis v. Heitzeberg Packing, etc., Co., 141 Mo. 375 (42 S. W. Repr. 954) ; St. Paul v. Gilfillan, 36 Minn. 298.

*J. H. Beal*, with him *Knox & Reed*, for Pressed Steel Car Company.

OPINION BY RICE, P. J., December 13, 1902:

Under the construction of the ordinance of May 22, 1895, which the counsel for the appellant ask us to adopt, their statement of the question for decision would be correct. It is as follows : " Is an ordinance of the city of Pittsburg, enacted in 1895, which authorizes the imposition of a penalty of not less than $10.00 or more than $50.00, for the emission for over three minutes' duration at any one time, of smoke which is more than

twenty per cent black from any chimney or smokestack within the city limits, where bituminous coal is used as fuel, in connection with boilers for heating and power purposes, invalid on the ground that it is unreasonable or unconstitutional?" We are not prepared to commit ourselves to the proposition that such an ordinance would be invalid on either of the grounds above suggested, or upon the ground that it would transcend the powers possessed by the city. But before discussing or expressing a more decided opinion upon that question we deem it advisable to determine whether the ordinance of May 22, 1895, will bear the interpretation contended for by the appellant's counsel.

The 1st section declares " the emission of more than twenty per cent of black or dark gray smoke from any chimney or smokestack where bituminous coal is used in connection with boilers for heating or power purposes," to be a " public nuisance." No penalty is annexed. " It is settled that, within constitutional limits not exactly determined, the legislature may change the common law as to nuisances, and may move the line either way, so as to make things nuisances which were not so, or to make things lawful which were nuisances, although by so doing it affects the value or use of property : " Per Holmes, J., in Commonwealth v. Parks, 155 Mass. 531 ; 30 N. E. Repr. 174. So also the corporate officers of a city, having power " to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of the corporation and the inhabitants thereof," may by ordinance duly enacted not manifestly unreasonable or oppressive, nor unwarrantably discriminatory prohibit things which were not public nuisances at common law, and the fact that it declares the thing prohibited a public nuisance would be no ground for denying validity to the penal provision of the ordinance. In an action or proceeding to enforce the penalty annexed to the violation of such an ordinance, the only question would be whether the alleged offender had done the prohibited act. He could not defend upon the ground that it was not a nuisance in fact, nor upon the ground that the enactment of the ordinance was unwise, inexpedient or unnecessary. " Much must necessarily be left to the discretion of the municipal authorities and their acts will not be judicially interfered with unless they are manifestly un-

reasonable and oppressive, or unwarrantably invade private rights, or clearly transcended the powers granted to them : " 1 Dillon on Municipal Corp. sec. 379; O'Maley v. Freeport Boro., 96 Pa. 24; Fisher v. Harrisburg, 2 Grant, 291; Livingston v. Wolfe, 136 Pa. 519; Wilkes-Barre v. Garabed, 11 Pa. Superior Ct. 355; Philadelphia v. Brabender, 17 Pa. Superior Ct. 331; 201 Pa. 574. But while the inclusion in such an ordinance of a declaration that the thing prohibited is a public nuisance would not invalidate the ordinance as a whole, it is equally clear that it would not make it a nuisance if it was not so in fact. Much clearer is it that a mere declaration in an ordinance with no penalty annexed, that a certain act or thing shall be deemed a public or common nuisance, would not have that effect and thereby subject the offender to indictment under the general statute law punishing that offense. So far as we can see the 1st section of this ordinance amounts to no more than a mere declaration of the opinion of the municipal authorities, which binds no one. That which Blackstone declares is the most effectual part of a law is lacking. " For," as he says, " it is but lost labor to say, ' do this or avoid that' unless we also declare, this shall be the consequence of your noncompliance : " 1 Blackstone's Commentaries, 57. The same objection applies with equal force to the 2d section of the ordinance.

The 3d section of the ordinance reads as follows :

" Section 3. Any corporation, copartnership or individual who shall or may allow, suffer or permit smoke from bituminous coal to be emitted or to escape from any chimney or smokestack used in connection with boilers for over three minutes' duration at any one time, shall in addition to any and all law requiring the abatement of nuisances, forfeit and pay to the city of Pittsburg for every such offense, a sum not less than ten dollars ($10) or more than fifty dollars ($50) to be recovered before any alderman of the county of Allegheny or any police magistrate of the city of Pittsburg as debts of like amounts are now recoverable."

It is unnecessary to take up time and space in the discussion of the question whether the courts have power to declare an ordinance void for unreasonableness. Nor is it necessary for us to discuss the unreasonableness of an ordinance that prohibits the emission of any smoke whatever from bituminous

coal for a longer period than three minutes. That the court has such power and that the enforcement of such ordinance would be impracticable, not to say impossible in present conditions are propositions not seriously controverted by the appellant's counsel. But it is argued that it would not be so if the words "more than twenty per cent black or dark gray" were inserted immediately before or immediately after the word "smoke," that in construing the section we are warranted in assuming that it was only that kind of smoke which the municipal authorities had in view, and that, therefore, we would be warranted in reading those words into this section. The obvious answer to this suggestion is, that the section is complete in itself; it is the only section that has a penalty annexed; it makes no reference whatever to the first two sections, and it is plain and unambiguous in terms. Standing by itself it needs no construction. In an action for the recovery of the penalty nothing more need be proved than is there required. It is only by combining the 1st section, which as we have seen is nugatory as well as unreasonable with the 3d section, which is manifestly unreasonable, that an ordinance can be evolved which even the appellant's counsel find themselves willing to defend. This might be permissible if there were anything in the ordinance itself to show that the qualification as to time limit was intended to apply to the offense defined in the 1st section or that the qualification as to blackness was intended to apply to the offense defined in the 3d section. While the 1st section is connected with the 2d by reference no such connection exists between the 1st and the 3d. The latter stands by itself and was evidently intended to express the entire thought of the legislative body as to the offense to which a penalty was annexed. It is no more permissible to read the qualification as to blackness into the 3d section than it would be to read the qualification as to time limit into the 1st section. We fully recognize the principle that if an ordinance is susceptible of two interpretations, one of which would make it reasonable and the other not, it is the duty of the courts to adopt the former. But where the ordinance is plain and unambiguous in its terms, and where the only ground for supposing that the words do not express the meaning of the legislative body is that to give them full effect would make it unreasonable and

oppressive, we take it that it is not within the province of the court to insert qualifications or conditions which would relieve it of that objection.    This would be to amend, not to construe, the ordinance.    Taking this view of the 3d section we are compelled to conclude that it is unreasonable and void, and therefore feel justified in withholding expression of opinion upon the other very important questions discussed upon the argument, until a case shall arise in which it is necessary to decide them.

Judgment affirmed.