## Commonwealth v. Abdella.

*D. P. Weimer,* for Commonwealth; *Frank P. Barnhart,* for defendant.

EVANS, P. J., Feb. 11, 1929.—This is a *certiorari* to a magistrate bringing up the record of a summary conviction proceeding in which the defendant, Joseph Abdella, was charged with violation of the State regulations of the Department of Health, approved March 21, 1928.

The information which is attached to the petition advises that the prosecution is based upon this complaint. The record of the magistrate also refers to City Ordinance No. 519, but the original information, as shown by the copy attached to the petition, contains no such complaint. Furthermore, the record of the magistrate does not show with any certainty whatever that he found the defendant guilty of any violation of City Ordinance No. 519.

A number of exceptions are filed, but for the purpose of disposing of the matters now before us, it is necessary only to consider the matter set forth in the 5th exception, which is as follows: "That said regulation upon which conviction was had is unreasonable."

The regulation of the Department of Health upon which this prosecution is based is as follows:

"No person, firm or corporation shall expose for sale in any public place in the Commonwealth of Pennsylvania articles of food or foodstuffs which are eaten uncooked, unless such articles of food or foodstuffs are so covered as to be thoroughly protected from dust, dirt, flies and other vermin.

"Public places within the meaning of this regulation shall include grocery, delicatessen, confectionery, department stores and markets, and foodstuffs shall include candies."

The authority to make regulations in the interest of health is given under the 15th and 16th sections of the Act of April 27, 1905, P. L. 312, and the penalty inflicted is authorized by the Act of April 7, 1927, P. L. 154.

That the Department of Health is properly authorized to make regulations in the interest of the health of the people of the State is not questioned, but it is complained that the regulation in this case is unreasonable, and, therefore, invalid and unenforceable. This ground seems to us to be well taken. It will be noted that under the head of "foodstuffs which are eaten uncooked" will be listed, among others, bananas, apples, cabbage, lettuce, carrots and many other bulky foodstuffs. It will also be noted that the regulation provides that they "shall be covered so as to be *thoroughly protected* from dust, dirt, flies and other vermin." In order to give the protection required by the regulation, it would be necessary, in order to display produce to customers, to have it covered practically in glass cases or containers. It would further mean that farmers who bring their produce to the market-places in the city for sale would be practically prohibited from engaging in such business, because of their inability to furnish the needed protection and still display and dispose of their goods. Even in the case of merchants having places of business, it is impracticable and unreasonable to require that these bulky

foodstuffs offered for sale and exhibited must be given such protection as is required by this regulation. We can understand why sufficient protection should be given to protect from flies and similar vermin, but to require a thorough protection from dust and dirt for this class of foodstuffs is without reason, unfair and impracticable. We may not strike out the unreasonable parts of this regulation and leave the reasonable part stand, for this would be an amendment to the regulation and not construing it: Pittsburgh v. Keech, 21 Pa. Superior Ct. 548.

A regulation which would work hardship on farmers or others raising foodstuffs might tend to discourage such work, and was declared unreasonable in the case of Com. v. Deibler, 3 D. & C. 335.

A regulation which so seriously interferes with the offering for sale of foodstuffs produced by farmers at the regular market-places where they gather would necessarily discourage the raising of such foodstuffs and placing it before the consuming public for sale, and is unreasonable and unenforceable.

And now, Feb. 11, 1929, after argument and due consideration, the fifth exception is sustained and the judgment and sentence of the magistrate is set aside.                              From Henry W. Storey, Jr., Johnstown, Pa.