## *Commonwealth *v.* Baker, Appellant.

Submitted April 29, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Miller Alanson Johnson,* for appellant.

*Paul M. Showalter* and *William L. Showers,* District Attorney, for appellee.

OPINION BY ROSS, J., July 17, 1947:

The appellant, Samuel Baker, was summarily convicted of violating an ordinance prohibiting the maintenance of a junk yard within the borough limits of Lewis-

---

\* The caption of this case should be The Borough of Lewisburg v. Samuel Baker, Appellant, as the Commonwealth of Pennsylvania is not a party to the same. When the justice of the peace made out his record he incorrectly captioned it the Commonwealth of Pennsylvania rather than the Borough of Lewisburg.

burg. On certiorari, the conviction was sustained by the Court of Common Pleas of Union County and this appeal was taken.

The borough ordinance provided, inter alia, as follows: "Section 2. It shall be unlawful for any person or persons, firm or corporation, to establish, maintain, conduct or allow any junk yard either on public or private property, within the limits of the Borough of Lewisburg, Pa. Section 3. The establishment, maintenance or conduct of any junk yard within the limits of the Borough of Lewisburg is hereby declared to be a public nuisance and liable to be abated as provided by law. . . . Section 6. Any person or persons, firm or corporation, violating any of the provisions of this ordinance shall upon Summary conviction before the Chief Burgess or a Justice of the Peace of the Borough of Lewisburg be sentenced to pay a fine of not less than fifty ($50.00) Dollars, nor more than one hundred ($100.00) Dollars, together with the costs of prosecution, which shall be recoverable as debts of like amount are now by law recoverable, and in default of payment of said fine and costs, shall be committed to the common jail for the County of Union for a period not exceeding thirty (30) days."

Appellant contends that to sustain his conviction it was necessary to show that the junk yard was a nuisance in fact or per se, and since this was not shown the conviction should be set aside.

If this were an action *to abate a nuisance* under section 3 of the ordinance, there would be merit to appellant's contention, but his conviction was based on the provisions of section 2 of the ordinance and the penalty provided therefor in section 6.

In *Pittsburgh v. W. H. Keech Co.,* 21 Pa. Superior Ct. 548, at page 553, President Judge RICE stated: "So also the corporate officers of a city, having power 'to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and

convenience of the corporation and the inhabitants thereof', may by ordinance duly enacted not manifestly unreasonable or oppressive, nor unwarrantably discriminatory prohibit things which were not public nuisances at common law, and *the fact that it declares the thing prohibited a public nuisance would be no ground for denying validity to the penal provision of the ordinance.* In an action or proceeding to enforce the penalty annexed to the violation of such an ordinance, the only question would be whether the alleged offender had done the prohibited act. *He could not defend upon the ground that it was not a nuisance in fact . . .".* (Italics supplied.)

At the hearing before the justice of the peace it was shown—and it is not disputed—that the appellant was maintaining a junk yard within the borough limits, and he does not question the validity or reasonableness of the ordinance. Under these circumstances, as stated by the learned court below, "The ordinance *prohibited* 'Junk Yards', and the only proof necessary . . . was the existence of a 'Junk Yard' maintained by defendant."

Order is affirmed.