## Commonwealth v. Stauffer Chemical Co.

*William B. McClenachan, Jr.*, and *Albert Blumberg*, for the Commonwealth.

*William C. Hogg, Jr.*, for defendant.

BRETHERICK, J., October 17, 1955.—Defendant was convicted before a justice of the peace of a violation of section 2 of Ordinance No. 178 of the Borough of Trainer, and sentenced under section 5 of the ordinance to pay a fine of $100 and the costs. It has appealed to this court, where the case was heard de novo.

The questions before us, as presented in the extremely able briefs of argument, relate to the validity of the ordinance, the sufficiency of the evidence to sustain a conviction and the propriety of the trial judge's rulings on the evidence. We shall consider these questions in the order stated.

Section 2 of the ordinance provides that: ". . . it shall be unlawful for any person, firm or corporation to use any building, structure, lot or premises within the limits of the Borough of Trainer, for any manufacture, art, trade, business or use that creates or is likely to create any noxious, offensive, corrosive, toxic or noisome fumes, gas, smoke, odor, dust or vapor, or any noxious or offensive noise or vibration, or any other condition that is dangerous to public health,

safety, comfort and cleanliness, and the same is hereby prohibited."

The ordinance is obviously a police measure, enacted under authority delegated by the State, and defendant does not question the power of the Borough of Trainer to adopt legislation of that general character. Defendant does contend, however, that the ordinance is fatally indefinite, vague and uncertain. It asserts that "the vice of this ordinance is that it fails to set up any standard of conduct the violation of which can be said to constitute a criminal offense". We find ourselves unable to concur in defendant's view.

It is true, of course, that in order that a statute or ordinance may be held valid, the duty imposed by it must be prescribed in terms definite enough to serve as a guide to those who have the duty imposed upon them. But it is equally true that absolute or mathematical certainty is not required in the framing of a statute. "A statute is not necessarily void merely because it is vague, indefinite, or uncertain, or contains terms not susceptible of exact meaning, or is stated in general terms, or prescribes a general course of conduct, . . . or because the intention of the legislature might have been expressed in plainer terms, and questions may arise as to its applicability, and opinions may differ in respect of what falls within its terms, or because the statute is difficult to execute": 50 Am. Jur., Statutes 489, §473.

The ordinance before us prohibits the use of any building within the borough limits "for any manufacture . . . or use that creates or is likely to create any noxious, offensive, corrosive, toxic or noisome fumes, gas, smoke, odor, dust or vapor, . . . or any other condition that is dangerous to public health, . . .".

We agree with the Commonwealth that the ordinance is not uncertain merely because it uses the word "offensive," and other terms and expressions, that in-

volve "a question of fact to be determined in each case as it arises". So much is clear, we think, from the decision in Commonwealth v. Klick, 164 Pa. Superior Ct. 449, where defendant was convicted of failure to drive a motor vehicle at a careful and prudent speed under existing conditions. In rejecting defendant's contention that the statutory provisions were so vague, indefinite and uncertain as to be unconstitutional, the court said, page 453: "The mandate of §1002(a) is a salutary police measure limiting the operation of motor vehicles, in the public interest. To define specifically permissible rates of speed under every conceivable condition would be manifestly impossible; hence the general language of §1002(a) is no valid objection to it on constitutional grounds. The ordinary person can understand what standard of conduct is imposed, as well as what he may do and what is forbidden under this provision of the Act."

Likewise, in Commonwealth v. Asphalt Paving and Supply Co., 65 Montg. 323, the court upheld the constitutionality of a township ordinance which provided, inter alia, that: "No building shall be erected, altered or used, and no lot or premises shall be used, for any trade, industry or business that is noxious or offensive by reason of odor, dust, smoke, gas, vibration or noise". On appeal from a conviction of a violation of this ordinance, it was held that the word "offensive," while a relative term, was not so vague, indefinite and uncertain as to render the ordinance void.

Defendant emphasizes that the ordinance authorizes the infliction of a substantial fine upon anyone whose use of property creates *"or is likely to create"* *"any"* of the described atmospheric emissions. It asserts that the words *"likely to create"* prohibit the mere potentiality of giving offense, and hence render the ordinance void for indefiniteness. We are convinced, however, that the quoted part is severable from the rest of

the ordinance, leaving the clearly definite portion as a valid and enforcible enactment. Since, as will be seen, the prosecution is not based on the possibly indefinite part, defendant may not avail itself of the objection: 50 Am. Jur., Statutes, §491.

Defendant also argues that the prohibition against "*any*" assertedly noxious emission renders the ordinance so vague and unreasonable as to be lacking in the essential elements of due process of law and hence to be invalid. It claims that all emissions, in however minute quantities, since the ordinance uses the word "any," would be prohibited, patently unreasonable as that would be. The case of Pittsburg v. W. H. Keech Co., 21 Pa. Superior Ct. 548, relied on by defendant, is readily distinguishable from the case at bar. In the Keech case, the ordinance prohibited the emission of any type of smoke for more than three minutes' duration, and was held to be unreasonable and therefore unconstitutional. The ordinance before us, however, does not put a blanket restriction on the emission of any type of smoke, but prohibits only such smoke, fumes and gases as are noxious and offensive, and dangerous to public health and safety.

We come to consideration of the sufficiency of the evidence to sustain a conviction. The evidence produced by the Commonwealth may be briefly summarized. Defendant owns and operates an industrial plant in the Borough of Trainer, where it engages in the manufacture of carbon bisulphide. The area is generally industrial in character, but directly adjacent to defendant's plant to the northeast is a group of dwelling houses several blocks in extent, the homes of the individual complainants in these proceedings. It appears that these residents have been complaining over a period of years of noxious and offensive smoke, fumes and gases emanating from the defendant's plant.

On June 21, 1953, smoke, fumes and gases issued from defendant's stack and from the doors, windows and ventilators of defendant's plant. Clouds of smoke clung close to the ground, hovered as a smog over the area and were borne by the prevailing winds into the homes of the individual complainants. Residents were compelled to close all doors and windows. The smoke was variously described as "white and yellow", as "yellow rusty", as "white and blue, and like little streaks of yellow through it".

The emissions from defendant's plant had a sharp, pungent, irritating odor, which caused intense irritation and inflammation of the eyes, nose and throat and induced sneezing, choking and coughing. A witness said that he was compelled to cover his face with a handkerchief as he approached defendant's plant. Another witness stated that the fumes gave her a "terrific headache", and aggravated an asthmatic condition. Still another witness stated that she has bronchitis, and that she almost smothers "when that smoke comes over".

There was abundant testimony that the smoke and fumes from defendant's plant injured and destroyed plants, foliage and other vegetation in the neighborhood. A witness stated that "every year we have to remove the screens because they just rot and fall right into holes", and that the emissions from the plant damage silverware left uncovered. A chemist identified the fumes as sulphur dioxide, and there was also some evidence of hydrogen sulphide in the smoke or smog.

The Commonwealth's evidence was clear, convincing and uncontroverted. In our opinion, that evidence established beyond a reasonable doubt that, on June 21, 1953, defendant's use and operation of its plant, in the Borough of Trainer, resulted in the creation of noxious, offensive and corrosive fumes, gas, smoke and

odors, dangerous to public health, safety, comfort and cleanliness. Defendant, accordingly, must be adjudged guilty of a violation of Ordinance No. 178 of the Borough of Trainer.

Defendant contends that the Commonwealth's proofs were insufficient to sustain a conviction, in that they failed to establish an intent to violate the ordinance on defendant's part. The argument is predicated on testimony of the Commonwealth's witness, Mr. Triplett, who stated that, on the day in question, defendant's plant manager told him the condition resulted from a "breakdown". Defendant argues from this that, under the testimony, "far from being intentional or wilful, the emission of fumes was accidental and unintentional, and hence one essential element of the offense is lacking".

"Whether a criminal intent, or a guilty knowledge, is a necessary ingredient of a statutory offence, therefore, is a matter of construction. It is for the legislature to determine whether the public injury, threatened in any particular matter, is such and so great as to justify an absolute and indiscriminate prohibition": Commonwealth v. Weiss, 139 Pa. 247, 251. The ordinance is, as stated, a police measure, enacted for the protection and preservation of the public health and safety. The prohibition in the ordinance is absolute and general; it could not be expressed in terms more explicit and comprehensive. The definition of the offense embraces no word implying that the forbidden act shall be done knowingly or willfully. All of these considerations lead us to the conclusion that a criminal intent is not a necessary ingredient of the offense defined by the ordinance, and defendant's argument therefore must fall.

Nor can we concur in defendant's view that the evidence submitted failed to show that the fumes were

dangerous to public health. The effect of these emissions from defendant's plant on nearby residents has already been described in our review of the testimony, and it is unnecessary to enlarge upon the subject or to repeat what has been said. But we think that smoke, fumes and gases that cause intense irritation and inflammation of the eyes, nose and throat, and that aggravate an asthmatic condition, can justly be characterized as dangerous to public health.

Finally, defendant complains that the trial judge erred in excluding evidence of measures taken by defendant to avoid violating the terms of the ordinance. These measures included the installation of specialized equipment, the issuance of specific instructions not to charge the retorts when the wind was blowing toward the borough and the hiring of extra supervisory personnel to ensure not only proper operation of the fume-preventing equipment, but compliance with the instructions issued. Since much of the argument under this heading is premised on the assumption that the Commonwealth was required to show a criminal intent, and since we have ruled against defendant on this point, little need be said on this branch of the case. However, defendant contends that, in any event, the trial judge erred in excluding evidence of orders which defendant may have given to its employes designed to avoid the emission of fumes, under the rule that a principal is not answerable criminally for the wrongful act of his agent when the act is in positive disobedience to the principal's instructions. We think the rule referred to has no application here. The act denounced by the ordinance was not the charging of the retorts when the wind was blowing toward the borough, but the use of property for a purpose which created the proscribed emanations. That act was the principal's and not the agent's. We conclude, there-

fore, that the trial judge properly refused the proffered evidence.

### Order

And now, October 17, 1955, upon consideration of the within case, we find defendant, Stauffer Chemical Company, guilty of violating the provisions of Ordinance No. 178 of the Borough of Trainer, and defendant is directed to appear in court on Friday, October 21, 1955, at 10 a.m., to receive the sentence of the court.