## Commonwealth v. Keiser

*Edward H. H. Garber,* for Township.
*Kenneth A. Wise,* for defendant.

BLAKEY, J., July 1, 1974.—Defendant has appealed his conviction of a summary offense under a township ordinance. He has challenged the ordinance as beyond the power of the township under the enabling legislation and also on constitutional grounds.

Preliminarily, we note that this action has been captioned improperly. The action should not have been brought in the name of the Commonwealth, but by Windsor Township as the prosecuting governmental agency. There is some authority to the effect that such an error renders the entire proceeding a nullity. However, since neither party has raised the objection, we have deemed it in the best interest of those involved to resolve the issue on its merits.

The ordinance at issue prohibits parking or storage of abandoned or junked motor vehicles on public or private property in Windsor Township, York County, Pa. The ordinance provides, in part, as follows:

"Section I—Definition:

" 'Abandoned Motor Vehicle'—a motor vehicle or parts thereof which has been voluntarily relinquished

by its owner, with the intention of terminating his ownership, possession and control, without vesting ownership in any other person.

" 'Junked Motor Vehicle'—Any motor vehicle or parts thereof not in running condition left or stored in the open, and not in such an enclosure as is reasonably calculated to prevent children from playing on or about such motor vehicle."

"Section II—

"It shall be unlawful for any person, partnership, firm, association or corporation to park or store on any street, or in the open, on public or private property within Windsor Township, York County, Pennsylvania any 'abandoned' motor vehicles or 'junked' motor vehicle, or parts thereof, for a period longer than 15 days.

"Section III—

"It shall be unlawful for any person, partnership, firm, association or corporation to permit any person, firm, partnership, association or corporation to park or store any 'abandoned' motor vehicles or 'junked motor vehicles,' or parts thereof, of the latter on any street or in the open on public or private property in Windsor Township, York County, Pennsylvania, for a period longer than 15 days."

The defendant maintained, for considerably longer than 15 days, in the front yard of his property in Windsor Township, a motor vehicle not in running condition and not enclosed. While the testimony established that he had not abandoned this motor vehicle, it is clear that the same constituted a junked motor vehicle as that term is defined in the ordinance. The township did not prove, nor attempt to prove, that this condition constituted a nuisance in fact.

Windsor Township, a political subdivision of the Commonwealth, has only those powers which have

been granted to it by the legislature. This ordinance was adopted pursuant to the Second Class Township Code of May 1, 1933, P. L. 103, art. VII, sec. 702, as amended 53 PS §65712, wherein it is provided that township supervisors shall have the power:

"To prohibit nuisances, including but not limited to, . . . the storage of abandoned or junked automobiles, on private and public property."

This language has been construed by our Supreme Court in Commonwealth v. Hanzlik, 400 Pa. 134 (1960) as giving the township the right to prohibit a nuisance in fact which in a given case might include the storage of abandoned or junked automobiles. The court further held, however, that the legislature did not declare such storage as a nuisance per se and did not give the township the power to do so. The ordinance in Hanzlik which flatly prohibited the storage of abandoned or junked automobiles on either public or private property without regard to whether such storage was, or was not, a nuisance in fact was, therefore, held invalid. The same result upon the same reasoning has been reached with respect to boroughs. See Borough of Macungie v. Hoch, 1 Pa. Commonwealth Ct. 573 (1971), which affirmed the opinion of the lower court reported at 34 Lehigh 99, which held that defendant must be found not guilty unless the prosecuting authority had proved a nuisance in fact.

By the ordinance before us, Windsor Township seeks to accomplish the same result by total prohibition without expressly declaring the prohibited conduct a nuisance per se. Such a flat prohibition is the legal equivalent of a declaration of nuisance per se and equally beyond the power of the township: Fairview Twp. v. Haines, 82 York 130 (1968). See also Commonwealth v. Stacey, 53 D. & C. 2d 517 (1971),

where a remarkably similar ordinance was held unenforceable by a well-reasoned and persuasive opinion. Consequently, the township cannot flatly prohibit defendant from this otherwise legitimate use of his private property, without proving a nuisance in fact. Not having done so, defendant must be discharged.

The cases by the township predate the above authority. Commonwealth v. Baker, 160 Pa. Superior Ct. 640 (1947), upon which the township expressly relies, was distinguished by the Supreme Court in Hanzlik and by the Superior Court in Commonwealth v. Christopher, 184 Pa. Superior Ct. 205 (1957), as the question of statutory authority had not been raised.

No doubt the township can regulate, as opposed to prohibit, the storage of abandoned and junked vehicles: Adams v. New Kensington, 357 Pa. 557 (1947). We have considered the fact that the definition of a junked motor vehicle excludes a vehicle "in such an enclosure as is reasonably calculated to prevent childdren from playing on or about such motor vehicle." It could be argued that the ordinance, as a consequence of such exclusion, should be read as one regulating the activity by requiring an enclosure. However, we are again persuaded by the reasoning in Stacey, which held that an exclusion of essentially similar nature was invalid as too vague and indefinite. If the township desires to regulate the storage at issue, it should do so in a more direct and understandable manner within the authority granted by the Commonwealth and within the limitations imposed by the Constitution upon its police power.

In view of the above, it is not necessary to consider the constitutional issues raised by defendant.

Consequently, we enter the following:

## ORDER

And now, to wit, July 1, 1974, we find that defendant is not guilty.