## Molony et ux. *v.* Pounds et ux., Appellants.

Argued January 5, 1949. Before MAXEY, C. J., DREW, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry M. Sablosky,* for appellants.

*Robert W. Honeyman,* with him *E. Arnold Forrest, Fox, Fox, Honeyman & Schermerhorn* and *Wright, Mauck, Hawes & Forrest,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, March 21, 1949:

This appeal is from a decree enjoining the operation of a restaurant between the hours of 1:00 A.M. and 6:00 A.M.

Since March 1, 1947, Aaron Pounds and Gertrude Pounds, his wife, appellants, have conducted a restaurant business on the first floor of the two-story building located at the northeast corner of Fourth and Fayette Streets, in the Borough of Conshohocken, and with their two children have resided in the second floor apartment. The property was purchased by them for restaurant and residence purposes at a price of $16,000, and an additional sum of $26,000 was expended in remodeling the building and equipping the restaurant. Appellees, Stuart B. Molony and Margaret Molony, his wife, are the owners of the premises fronting on Fayette Street immediately adjacent to the building of appellants, and for a number of years have resided in the dwelling erected thereon. The distance from appellants' building to the side of appellees' house is approximately nineteen feet, and on the side of the house next to the building is a porch.

On June 25, 1947, appellees filed this bill in equity, alleging that operation of appellants' restaurant amounted to a nuisance and asking for an injunction. Specifically, the bill averred that obnoxious fumes, gases and odors were discharged from the restaurant in the direction of appellees' property; that the restaurant was operated twenty-four hours a day and that noises issuing therefrom disturbed appellees' peace and quiet and interfered with their rest and sleep; and that appellants trespassed on appellees' property in cleaning and replacing containers into which grease vapors from the restaurant were discharged. An answer was filed denying the allegations of the bill except the averment that the restaurant was operated twenty-four hours a day. After hearing, an amended decree nisi was entered restraining appellants from having open after 8:00 P.M. the windows facing appellees' property; from cooking on the grills in their then location, under the windows facing appellees' property; and from trespassing on appellees'

property. In addition, appellants were restrained from operating their restaurant between the hours of 1:00 A.M. and 6:00 A.M. Exceptions filed by appellants were dismissed, and the amended decree nisi was entered as the final decree.

The sole question on appeal is whether the evidence and findings warranted that portion of the decree restraining operation of the restaurant from 1:00 A.M. to 6:00 A.M. The chancellor held that the location of appellants' restaurant is a reasonable and proper place for the business they carry on, and that its operation does not constitute a nuisance *per se,* but concluded that keeping the restaurant open between the hours of 1:00 A.M. and 6:00 P.M. is unreasonable and constitutes a nuisance in fact. This was based on a finding that "The restaurant attracts people in the early hours of the morning, from midnight to dawn, and the talking of these people, the slamming of automobile doors, and the blowing of horns, disturbs [appellees] in their home." As to the other portions of the decree, no complaint is made.

Cases of this character are governed by well settled legal principles. No one is entitled to absolute quiet in the enjoyment of his property. All that may be insisted upon is a degree of quietness consistent with the standard of comfort in the locality in which one dwells: *Hannum v. Gruber,* 346 Pa. 417, 426, 31 A. 2d 99. Persons living in a community or neighborhood must subject their personal comfort to the commercial necessities of carrying on trade and business, and where the individual is affected only in his taste, his personal comfort, or pleasures, or preferences, these must be surrendered to the comfort and preferences of the many: *Robb v. Carnegie,* 145 Pa. 324, 350, 22 A. 649. The use of property for other than residential purposes may be, and at times is, an annoyance to dwellers in the vicinity, but the mere fact of annoyance does not establish the existence of a

nuisance and is not of itself a sufficient basis for an injunction against the particular use from which the alleged annoyance arises: *Houghton v. Kendrick*, 285 Pa. 223, 226, 132 A. 166; *Essick et al. v. Shillam*, 347 Pa. 373, 376, 32 A. 2d 416. Where the annoyance arises from the conduct of a business which is not a nuisance *per se*, a strong effort will be made to conserve the rights of all parties. An important question is, can the noise by any reasonable means be moderated so as to accord with the degree of quietness the plaintiff has a right to enjoy, and if it can, by what means: *Collins v. Wayne Iron Works*, 227 Pa. 326, 331, 76 A. 24; *Hannum v. Gruber*, supra. In such cases, equity will not ordinarily interfere unless the proof shows that the injury arises either from an improper conduct of the business or from one that could be remedied: *Penna. Co. et al. v. Sun Co.*, 290 Pa. 404, 412, 138 A. 909.

Applying these principles to the case before us, we are of opinion that the evidence and findings do not warrant that portion of the decree suspending operation of appellants' restaurant between the hours of 1:00 A.M. and 6:00 A.M.

The borough of Conshohocken is not zoned and, as found by the court below, the neighborhood is partly commercial and partly residential. Fayette Street, on which the restaurant fronts, is the principal street of the borough and an important connecting link in a network of main highways, necessarily resulting in considerable traffic, both day and night. Going north, Fayette Street becomes a principal highway known as the Butler Pike, which connects with Ridge Pike and Germantown Pike, used by motorists traveling to Norristown, Reading or Philadelphia, and finally leads to the Bethlehem Pike. Going south, Fayette Street crosses the Schuylkill River to connect with West Conshohocken and Conshohocken State Road, used by motorists traveling toward Bryn Mawr and to Philadelphia via Bala-Cynwyd. From the Schuylkill River to Second Avenue, a distance of about

four blocks, Fayette Street is entirely commercial. Between Second and Third Avenues it is built up with churches and residences. On the east side of the next block are a church and the borough library, while on the opposite side of the street there are several residences and physicians' offices, a drug store, a paint store and an undertaking establishment. Between Fourth and Fifth Avenues, on the east side there are appellants' restaurant, appellees' residence, and the United States Post Office. On the west side there is but one large residence. The building in which the restaurant is operated has been used for commercial purposes for more than twenty years, having been occupied as a beauty parlor and as a grocery store.

At the time of the hearing, appellants' restaurant was the only all-night restaurant in Conshohocken, and practically all its patrons are local people. During the day, its customers include business men, school teachers, clergymen, and office workers. Many of its night patrons are workmen employed by industries in and about Conshohocken which operate on a twenty-four schedule, and some of these industries maintain charge accounts at the restaurant for the accommodation of their employees. No intoxicating beverages are sold and there is no musical or other noise-making entertainment device on the premises. The noises subject of complaint, and on which the suspension of appellants' business was based, arise wholly outside the restaurant, from loud talking by people entering or leaving, and from the slamming of automobile doors and blowing of horns. There is no evidence that appellants have encouraged or abetted such noises in any manner. Moreover, the unavoidable inference from the evidence is that these noises do not occur regularly, but are only occasionally heard. The only neighbor to appear as a witness for appellees, a physician's wife, testified that "I am disturbed a lot by the telephone and door bell and *some-*

*times* when I wake up it is terribly noisy" but that "if I went to bed early in the evening it wouldn't annoy me", and that "most of the time when the noise is, is Friday, Saturday and Sunday." As to the operation of the restaurant itself, all the testimony, including that of several police officers called by appellees, is to the effect that it is conducted in a proper and orderly manner.

The evidence and findings absolve appellants of any incompetence or inefficiency in the conduct of their business. It does not appear that the injury alleged results either from an improper conduct of the business or from one that could be remedied. Appellees concede this, for they state in their brief: "It would certainly appear evident that the only way to eliminate this variety of noises during the nights is to close their doors during the prescribed hours." No tradesman-customer relationship exists between appellants and persons who have not yet entered or have departed from their place of business, and they have no duty to control the conduct of such persons. At most they could appeal to departing and entering customers to refrain from making noise, and if such appeals are ignored, compliance could not be enforced. Clearly there is no duty requiring appellants to police the public streets. That responsibility should and must rest with public authority.

As said in *White et al. v. Old York Road Country Club*, 322 Pa. 147, 152, 185 A. 316, "In these cases equity cannot act with too much caution. Its strong arm must not be allowed to fall with destructive effect upon a lawful and necessary business, unless it is plainly manifest and certain beyond doubt that the pursuit of the trade would result in substantial injury." While the noises complained of may be a source of annoyance to appellees, we are not convinced, upon a review of the entire record, that the annoyance is to such extent of appellants' creation or that it occurs with such regularity or to such degree as to warrant the decree entered.

The decree is modified by eliminating therefrom that portion which restrains and enjoins appellants from keeping the restaurant open for business between the hours of 1:00 A.M. and 6:00 A.M., and as so modified the decree is affirmed. Costs to be paid by appellees.