396 A.2d 808

**James Craig SMITH and Glenna C. Smith, his wife, Appellees,**

**v.**

**Kelly ALDERSON and Dorothy Alderson, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued April 11, 1978.

Decided Jan. 24, 1979.

388

Fred J. Sentner, Canonsburg, for appellants.

Frank C. Carroll, Washington, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from a final decree enjoining appellants from parking "their automobiles other than for brief emergency periods or other uses inextricably connected with the general right of the public to travel" on a narrow strip of appellees' land abutting a state highway and serving as a public right-of-way onto appellees' premises.

The lower court made the following findings of fact:

1. The plaintiffs [appellees] are the owners of property situate in North Strabane Township, Washington County, Pennsylvania purchased from Andrew J. Fer-

gus, et ux. by deed dated April 19, 1973, and recorded in Deed Book 1421, page 294 which indicates that they own the property to the center of Legislative Route No. 108.

2. Legislative Route No. 108 is a twenty-two (22) wide [*sic*] concrete paved route. The center line of Route 108 and going westwardly the width of the right-of-way, including the paved portion is at certain times 30 feet and at other times 40 feet traversing into and upon the property of the plaintiffs.

3. The plaintiffs, James Craig Smith and Glenna C. Smith, own the property subject to the right of the public to use the same and have owned it since April, 1973.

4. Defendants [appellants], and members of their family, have since the purchase of the property by the plaintiffs, parked their automobiles at various times on the right-of-way which extends from the edge of the concrete into and upon property of the plaintiffs.

On the basis of these findings the lower court concluded that "[t]he defendants have by their actions in the past, created a nuisance which the plaintiffs have the right to enjoin or cause it to cease."

■■ Before a nuisance may be found there must appear an "unreasonable, unwarrantable, or unlawful use by a person of his own property which causes injury, damage, hurt, inconvenience, annoyance or discomfort to one in the legitimate enjoyment of his reasonable rights of person or property." *Maier v. Publicker Commercial Alcohol Company,* 62 F.Supp. 161, 165 (1945). Since the lower court's findings do not show such a use, its conclusion that appellants were creating a nuisance is without support. The injunction must therefore be lifted. *Cf. Firth v. Scherzberg,* 366 Pa. 443, 77 A.2d 443 (1951).

Reversed.

JACOBS, President Judge, concurs in the result.

390

VAN der VOORT, J., dissents.

HESTER, J., files a dissenting statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

This decision was reached prior to the retirement of JACOBS, former President Judge.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm the Final Decree of the court below.