## Ackerman v. Heinsohn

*Allan B. Goodman,* for plaintiffs.
*Louis T. Glantz,* for defendants.

VANANTWERPEN, *J.,* August 12, 1983—This non-jury matter is an equity action to enjoin defen-

dants from using a propane "exploder" cannon to scare birds away from their farm. From the hearing held on July 20, 1983, we make the following findings of fact.

## FINDINGS OF FACT

1. Since 1965, plaintiffs have resided on an 88 acre tract of land in Upper Mount Bethel Township, Northampton County, Pa. The tract adjoins the Delaware River and since 1966, has been operated by plaintiffs as a campground. The campground has various improvements, including a pool, gameroom, store and 190 campsites. It is in use from the middle of May to the middle of September, and depending on the day of week, from 500 to 800 campers are accommodated.

2. Most campers do not get up until about 8:00 a.m. and usually retire by 11:00 pm. Across River Road is a farm on which defendants grow sweet corn. The campground and farm pre-date zoning and are all zoned Flood Plain Agricalatural Residential. Zoning has been in effect for ten years. Both the farm and campground are permitted uses. Since 1950, defendants rented and farmed the 67 acre farm and it was purchased by them in 1979.

3. On one day in 1973, defendants, for the first time, used a loud exploder cannon in the field across the road to scare away birds. Plaintiffs complained and its use was discontinued. It was not used again in the field until Saturday, August 7, 1982, when the cannon was used for four hours beginning 4:00 pm. From 1973 to 1983, defendants were growing later corn which is not ripe during the time of greatest bird activity.

4. Thereafter, the exploder cannon was used at intervals of some four minutes at the following times in 1982:

| WEEKDAY | DATE | HOURS OF USE |
|---------|------|--------------|
| Sunday | August  8 | 6:30 am to 11:00 am |
| Thursday | August 12 | 3:15 pm to  5:15 pm |
| Saturday | August 21 | 11:00 am to  3:30 pm |
| Sunday | August 22 | 9:30 am to 11:00 am |
| Saturday | August 28 | 2:20 pm to  4:00 pm |
| Sunday | August 29 | 7:29 am to  7:49 am |

The closest campsite is approximately 400 feet from the exploder cannon. The furthermost campsite is approximately 2,200 feet away.

5. According to plaintiffs, the exploder blast reverberates around the campground and is considerably louder than a 12 gauge shotgun. On Sunday, August 8, 1982, plaintiffs found they could not sleep and approximately fifteen people at the campground complained to Mr. Ackerman, although none left on account of the noise. Church services are conducted at the campground at 9:30 am. Plaintiffs complained to the police about the noise and ultimately filed this suit on October 1, 1982.

6. Sweet corn is corn which is ordinarily intended for human consumption. Saleability of the product depends on the corn being in good condition and free from bird damage. In the late 1960's, defendants purchased two commercially available exploders to drive away blackbirds, a problem which is becoming increasingly worse. From July 18 until August 20, the corn is susceptible to damage from large bevies of blackbirds. On one occasion, a field which should have produced 7,000 ears of corn only produced 1,000 ears of corn because of bird damage.

7. Defendants discontinued growing late corn because corn which ripens earlier at a time of greater demand is more valuable. The primary feeding times for birds are early morning and late afternoon.

8. Mr. Joel Simmons, the Pennsylvania State Extension Agent, testified as an expert that poisons are

not as effective as bird scare devices, and are not recommended by his office. Bird scare exploders are in common use in Pennsylvania.

9. Mr. Sal Amore testified that he grows sweet corn in Northampton County. He used three ears of corn (Defendants' Exhibit #1) to demonstrate how birds attack and ruin corn. He makes use of employees with shotguns to ward off birds. Without bird control, he estimates that 80 percent of his crop would be ruined. He finds that chemical sprays are ineffective for bird control on sweet corn.

10. Elizabeth Titlow testified that she lives adjacent to the cornfield in question, and although she could hear the exploder cannon, it did not unreasonably interfere with her life. Mr. Charles Pysher testified similarly, indicating that he did not pay any attention to the exploder. He is hard of hearing.

11. Mr. Heinsohn testified that because of the proximity of a wooded area, birds are a special problem. He needs the cannon from July 20 to August 20 each year in the morning and afternoon.

12. At the conclusion of the testimony, the court went out on a view and observed and listened to the exploder cannon.

## DISCUSSION

Plaintiffs seek to enjoin defendants from using an exploder cannon to scare birds on their farm. While we are sympathetic to the rights of plaintiffs and the campers, those who would seek the advantages of our bucolic county must also be prepared to put up with minor disadvantages. The court, in a view with the agreement of counsel, listened to the report of the exploder cannon both at close range and at a distance. Both counsel agreed on the record that there was no need of making a record at the view.

The view only served to reinforce the court's impression from the testimony that plaintiffs have not proven an actionable nuisance given defendants' proposal to operate only one cannon in the field from July 20 to August 20 in the morning and afternoon hours when bevies of birds are present.

A legal nuisance has been defined as the "unreasonable, unwarrantable or unlawful use of property by a person which causes injury, damage, hurt, inconvenience, annoyance or discomfort to one in the legitimate enjoyment of his property." Smith v. Alderson, 262 Pa. Super. 387, 396 A.2d 808 (1979). However, the invasion of another's interest must be substantial and unreasonable in order to justify the awarding of damages or injunctive relief. Folmar v. Elliot Coal Mining Co., 441 Pa. 592, 272 A.2d 910, 912 (1971); Waschak v. Moffat, 379 Pa. 441, 109 A.2d 310 (1954); Restatement Second of Torts §822.

In an equity matter such as this, the granting or denial of the relief requested rests within the sound discretion of the chancellor. Richard v. Weiser, 329 Pa. 203, 198 Atl. 29 (1938).

We find that while the cannon blasts have caused some annoyance and inconvenience to plaintiffs for a few weeks during the summer, we are unable to conclude that the noise in question results in such a material and substantial invasion of plaintiffs' rights so as to constitute a legal nuisance. As emphasized by our Supreme Court in Young v. St. Martin's Church, 361 Pa. 505, 509, 64 A.2d 814 (1949), "[I]t is a far cry from what is merely an annoyance or disagreeable intrusion to what the law regards and condemns as a nuisance." See also, Essick v. Shillam, 347 Pa. 373, 32 A.2d 416 (1943). Moreover, where the alleged nuisance is necessarily incident to the conduct of a lawful business, it will not be restrained where, as here, the inconvenience is

only slight or the annoyance occasional. Molony v. Pounds, 361 Pa. 498, 64 A.2d 802 (1949); Essick v. Shillam, supra; Houghton v. Kendrick, 285 Pa. 223, 132 Atl. 166 (1926). Accordingly, plaintiffs' request for relief is denied.

## CONCLUSIONS OF LAW

1. Plaintiffs have not met their burden of proving a material and substantial invasion of their rights.

2. The use of the exploder cannon is an incident of defendant's lawful business, and if operated in the manner proposed by defendants, *i.e.*, between July 20 and August 20 in the morning and afternoon hours when large numbers of birds are present, it does not constitute an actionable nuisance.

## DECREE NISI

And now, this August 12, 1983, in accordance with the foregoing adjudication, it is ordered, adjudged and decreed that the relief prayed for in plaintiffs' complaint is denied. The prothonotary shall give notice to counsel for the parties of the entry of this decree nisi and if no exceptions are taken within ten days, this decree nisi shall become a final decree.